UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| *TIMOTHY G. O'BRIEN,* )<br>)<br>*Plaintiff* )<br>)<br>*v.* )<br>)<br>*THUNDER BAY, INC.,* )<br>)<br>*Defendant* )<br>)<br>*and DANIEL LIBBY, d/b/a  D&E* )<br>*ENTERPRISES,* )<br>)<br>*Defendant and Third-Party* )<br>*Plaintiff* )<br>)<br>*v.* )<br>)<br>*LOPER-BRIGHT ENTERPRISES, INC.,* )<br>)<br>*Third-Party Defendant* ) | *Docket No. 07-64-P-H* |

*MEMORANDUM DECISION ON MOTIONS TO RE-OPEN RECORD*

In this action, in which numerous extensions of time have been requested for various reasons by each of the parties, the plaintiff filed a timely motion for partial summary judgment on April 14, 2008.  Docket No. 65.  Motions for summary judgment were also timely filed by the third-party defendant Loper-Bright and defendant Thunder Bay on April 22, 2008.  Docket Nos. 67 & 69.  The filing of these motions caused this case to be removed from Judge Hornby's June 30, 2008 trial list.  Docket No. 73.

On May 29, 2008, the plaintiff filed a pleading entitled Consented to Motion for Thunder Bay, Inc. to File Supplemental Opposition Memorandum and for Plaintiff Timothy O'Brien to

1

Extend Time for Filing his Reply Memorandum (Docket No. 93), in which the plaintiff and defendant Thunder Bay, Inc. informed the court that both parties wished to take the deposition of Captain Dennis Murphy on June 2, 2006, and "therefore request that Thunder Bay, Inc. have until June 20 to file a supplement to its already filed opposition motion so that the new testimony can be incorporated into Thunder Bay, Inc.'s opposition memorandum and[] Plaintiff requests that the deadline for his reply be extended to July 1[]" from June 2. *Id*. at 2. My concern for the parties' already numerous requests for enlargements of the pretrial deadlines prompted me to schedule a telephone conference on this joint motion.

That telephone conference was held on June 2, 2008. The substance of my order after that conference follows:

> After discussion, Attorney Duddy agreed to file, by the original June 2, 2008 deadline, plaintiff's reply memorandum in support of his motion for partial summary judgment against defendant Thunder Bay. The request for defendant Thunder Bay to file a supplement to its already-filed opposition brief is therefore moot. Any motion to reopen the summary judgment record in light of the possible deposition of Captain Murphy shall be filed no later than June 13, 2008, and the court will determine whether to reopen the record based upon the showing made.

Docket No. 97. On June 10, 2008 the plaintiff filed a pleading entitled Plaintiff's Consented to Motion to Re-Open Summary Judgment Record to Include Deposition Testimony of Dennis Murphy. Docket No. 99. This motion states, *inter alia*, "[t]here is no objection by any party to this action to the Court's granting the within motion." *Id*. at 3. On June 11, 2008 the defendant/third-party plaintiff filed a pleading entitled Daniel Libby, d//b/a D&E Enterprises' Motion to Re-Open Summary Judgment Record to Include Testimony from Deposition of Dennis Murphy. Docket No. 104.

On June 11, 2008 I held a telephone conference with counsel in this case, after which I entered the following order:

> Earlier today I granted plaintiff's *consent* motion to reopen the summary judgment record (Docket No. 99) after last week's June 2 conference at which no party objected to Captain Murphy being deposed and his deposition becoming part of the summary judgment record. On June 2, I ordered that "any motion to reopen the summary judgment record in light of the possible deposition of Captain Murphy shall be filed by no later than June 13, 2008, and the court will determine whether to reopen the record based upon the showing made." While plaintiff's motion to reopen, which I granted today, was apparently filed with the consent of all parties, I learned for the first time at this afternoon's telephone conference that Loper-Bright objects to Libby's motion to reopen. After discussion, I ordered that Libby provide to Loper-Bright by close of business June 12 any additional citations to Captain Murphy's deposition that it wishes to add to its existing statement of facts; that if Loper-Bright continues to press its objection to Libby's motion to reopen, Loper-Bright file by June 16 its opposition limited to 5 pages; and that Libby file its reply thereto limited to 3 pages by June 18. I told counsel that the only question for me to decide is whether to allow the parties, or any subset of them, to add pinpoint citations to the Murphy deposition to their *existing* statements of facts, *without any additional briefing or additional narrative to their statements of facts*. In light of the opposition to Libby's motion to reopen brought to my attention this afternoon, I also hereby **vacate** my order granting plaintiff's motion to reopen, pending the expedited briefing set forth above.

Docket No. 106 (emphasis in original). In contravention of the page limitation set forth above, Loper-Bright filed on June 16 a 7-page opposition to Libby's motion to reopen the record. Third-Party Defendant, Loper-Bright Enterprises Inc.'s Objection to D&E's Motion to Reopen Summary Judgment Record ("Opposition") (Docket No. 108). In turn, Libby filed an overlong 4-page reply to that opposition on June 18, 2008. Docket No. 109.

In its opposition, Loper-Bright contends that Libby's request to reopen the record is "untimely, procedurally improper and manifestly prejudicial." Opposition at 1-2. It is silent as to the plaintiff's motion seeking identical relief. It contends that Libby should have moved to reopen the record before filing his response to Loper-Bright's motion for summary judgment under Fed. R. Civ. P. 56(f), that it could have deposed Captain Murphy in a timely fashion during the discovery period established by the court, that the motion is prejudicial "as it seeks to

3

revisit the factual record which is currently deficient to support D&E's third party claims," and that its objection is timely because "D&E did not seek to reopen the record as to Loper-Bright's summary judgment motion prior to June 11, 2008."[1]  *Id*. at 3-5.

Loper-Bright, however, overlooks the single most important fact in the history of this extended action:  it joined in, or at least expressed no opposition to, the initial motion to reopen the record for the purpose of adding the deposition of Captain Murphy to the summary judgment record, to allow Thunder Bay to file a supplemental opposition to the plaintiff's motion, and to extend the deadline for the plaintiff's reply by one month.  Nor did Loper-Bright express opposition to my order following the June 2, 2008 telephone conference, setting a deadline for the filing of any motion to reopen the summary judgment record based on the deposition.  Nor did Loper-Bright express any objection to the deposition when it was taken.  Nor has Loper-Bright expressed any opposition to the plaintiff's June 10, 2008 motion to reopen the summary judgment record to include the deposition transcript and its representation that none of the parties objects to the granting of that motion.

In short, it is Loper-Bright's opposition that comes too late.  Loper-Bright's assertion that it would have objected earlier if *Libby* had sought to reopen the record for this purpose rings hollow when it was clear from at least May 29, 2008, when the unopposed joint motion to extend time to allow the Murphy deposition's introduction into the summary judgment record was filed, that this issue was on the table.  None of Loper-Bright's after-the-fact objections has merit.

Therefore, the motions to reopen the record (Docket Nos. 99 and 104) are hereby **GRANTED**, with the following limitation:  Each and any of the parties that wishes to add pinpoint citations to the transcript of the Murphy deposition to any paragraph in its *existing, already-filed* statement of material facts filed in support of or in opposition to any motion for

---

[1] Loper-Bright adds: "Had it done so, Loper-Bright would have objected earlier."  Opposition at 5.

summary judgment or partial summary judgment currently pending in this action may do so no later than June 30, 2008, by filing an amended statement of material facts including such pinpoint citations.  No other changes to the statements of material facts will be allowed, and no amendment of, or addition to, any memoranda of law will be allowed.

Dated this 20th day of June, 2008.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge